IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Petitioner,

v.   No. 19-cv-00932 MV-SCY

MARK GALLEGOS,

    Respondent.

## SECOND ORDER REGARDING DEFICIENCIES AND THE APPOINTMENT OF COUNSEL

This matter is before the Court on Myrtis Paulo Hart's failure to comply with the May 26, 2020 Order to Cure Deficiency. Doc. 16 (Cure Order). The Cure Order observed that the Court cannot screen Hart's *pro se* prisoner petition (Doc. 1) because the filing is not entirely legible, and it is not clear whether he seeks relief from his state conviction or damages in a civil action. Hart was directed to file an amended Petition on the proper form no later than June 26, 2020. The Cure Order explained the difference between a 28 U.S.C. § 2254 action, which challenges a state criminal conviction, and 42 U.S.C. § 1983 action, which seeks damages based on unconstitutional conditions of confinement. The Clerk's Office also mailed Hart a copy of each form, so that he could file an amended, legible pleading on the appropriate form.

Hart failed to file an amended pleading. Instead, he filed a Motion to Appoint Counsel stating: "I wish to have an attorney appointed so that litigate matters, won't experience any unnecessary delays." Doc. 17. There is no right to appointed counsel in habeas proceedings or § 1983 civil rights actions. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (addressing § 2254 petitions); *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (addressing § 1983 cases).

Courts typically only appoint counsel in complex habeas cases requiring an evidentiary hearing; in § 1983 cases, courts can only ask an attorney to take a § 1983 case on a *pro bono* basis. *Id.* Such relief in not appropriate here because it is not clear what claims Hart is asserting, whether they are complex, and whether they will survive initial review. The Court will therefore deny the Motion to Appoint Counsel (Doc. 17) and again order Hart to refile his claims on the proper form within thirty (30) days of entry of this Order. This is Hart's last chance to comply. If Hart fails to timely file an amended, legible pleading on the appropriate official form (either a § 2254 form or a § 1983 form), the Court will dismiss this action without further notice.

  **IT IS ORDERED** that the Motion to Appoint Counsel (Doc. 17) is **DENIED**.

  **IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Hart shall file a single, legible amended pleading on the appropriate official form (either a § 2254 form, if he seeks relief from a state conviction, or a § 1983 form, if he seeks damages based on his conditions of confinement).

_____
UNITED STATES MAGISTRATE JUDGE